UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-36-MOC

| | |
|---|---|
| WILLIAM PETERSON, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| HARRAH'S NC CASINO COMPANY, ) | |
| LLC and CAESARS ) | |
| ENTERTAINMENT, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Defendant Harrah's NC Casino Company, LLC, ("Harrah's") and Caesars Entertainment, Inc.'s ("Caesars") (collectively, "Defendants") Motion to Dismiss pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure. (Doc. No. 15). Defendants filed a memorandum in support of this motion. (Doc. No. 16). Plaintiff filed a response in opposition to the motion and Defendants have filed a reply. (Doc. Nos. 18, 19). The Court held a hearing on the motion on October 17, 2023. For the following reasons, Defendants' Motion to Dismiss is **GRANTED**, and this action is dismissed without prejudice.

    **I.**    **BACKGROUND**

Plaintiff William Peterson, III, is a former table games dealer at the Harrah's Cherokee Casino Resort in Cherokee, North Carolina. Plaintiff alleges Defendants discriminated against him due to his status as a veteran, in violation of the Uniformed Services Employment and Rehabilitation Act ("USERRA") and violated his rights under the Family Medical Leave Act ("FMLA") by discriminating and retaliating against him and by interfering with his FMLA

1

rights.

The Eastern Band of Cherokee Indians ("EBCI") is a federally recognized Indian tribe located in Cherokee, North Carolina. See 25 U.S.C. § 479a-1 transferred to 25 U.S.C. § 5131; 81 Fed. Reg. 5019, 521 (Jan. 29, 2016). The EBCI, through a wholly owned and operated ECBI entity known as the Tribal Casino Gaming Enterprise ("TCGE"), contracts with Harrah's to oversee the management of its casino properties, including the casino and resort located in Cherokee, North Carolina (the "Casino"), where Plaintiff worked as a table games dealer.

In their motion to dismiss, Defendants argue that Plaintiff's Complaint should be dismissed in its entirety due to Plaintiff's failure to join TCGE, his true employer, which is a necessary and indispensable party. Furthermore, Defendants argue that, due to tribal sovereign immunity, which has not been abrogated for the USERRA or the FMLA, and which TCGE has not and does not waive, joinder of TCGE is not feasible, requiring dismissal under Rule 19(b).

Defendants have provided a Declaration by Leeann Bridges, TCGE's Regional Vice President of Human Resources for the Southeast region, which states that TCGE was Plaintiff's true employer while Plaintiff was a games dealer at the Casino. (Doc. No. 16-1).

## II. STANDARD OF REVIEW

A complaint may be dismissed pursuant to Rule 12(b)(7) for "failure to join a party under Rule 19." FED. R. CIV. P. 12(b)(7). Courts are generally reluctant to grant Rule 12(b)(7) motions. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Rite Aid of S.C., Inc., 210 F.3d 246, 250 (4th Cir. 2000) ("Dismissal of a case [for nonjoinder] is a drastic remedy ... which should be employed only sparingly."). The moving defendant bears the burden of showing that a party must be joined for a just adjudication. Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005).

2

A decision to dismiss for failure to join a party "'must be made pragmatically, in the context of the substance of each case, rather than by procedural formula.'" Teamsters Local Union No. 171 v. Keal Driveaway Co., 173 F.3d 915, 918 (4th Cir. 1999) (quoting Provident Tradesmen Bank & Trust Co. v. Patterson, 390 U.S. 102, 119 n.16 (1968)). And "courts must take into account the possible prejudice 'to all parties, including those not before it.'" Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427, 433 (4th Cir. 2014) (quoting Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 441 (4th Cir. 1999)).

### III. DISCUSSION

Defendants argue that Plaintiff's Complaint should be dismissed under Rules 12(b)(7) and 19 for failure to join a necessary and indispensable party. Specifically, Defendants contend that Plaintiff erred by failing to join TCGE as a necessary and indispensable party to this lawsuit under Rule 19. Plaintiff, in opposition, alleges that Defendants–non-tribal entities that can be held liable for violations of federal employment law–were Plaintiff's employers, rather than TCGE–a tribal entity that enjoys sovereign immunity.

In ruling on a motion to dismiss for failure to join a necessary and indispensable party, the moving defendant bears the burden of showing that a party must be joined for a just adjudication. Am. Gen. Life, 429 F.3d at 92. A court assessing such a motion may consider evidence presented outside the pleadings. Marina One, Inc. v. Jones, 22 F. Supp. 3d 604, 607 (E.D. Va. 2014).

A motion to dismiss under Rule 12(b)(7) for failure to join a required party under Rule 19 entails a two-step analysis. See Clark v. Harrah's NC Casino Co., LLC, No. 1:17CV240, 2018 WL 6118624 (W.D.N.C. Apr. 27, 2018), report and recommendation adopted, No. 1:17-CV-00240-MR-DLH, 2018 WL 4664136 (W.D.N.C. Sept. 28, 2018). First, "the court must

3

determine whether a party is necessary under Rule 19(a) because of its relationship to the matter under consideration." Id. (citing Owens-Illinois, 186 F.3d at 440). If the court finds "the absent party is necessary, it must be ordered into the action so long as the joinder does not destroy the court's jurisdiction." Id. (citing Owens-Illinois, 186 F.3d at 440). Under the second step, "when a party cannot be joined because it would destroy the court's jurisdiction, the court must decide whether the action can continue without the party, or whether the party is indispensable under Rule 19(b) and the action must be dismissed." Id.

Here, Defendants have sufficiently demonstrated that TCGE is a necessary and indispensable party to this lawsuit under Rule 19. This Court's determination of TCGE as a necessary party is instructed by the Fourth Circuit Court of Appeals' opinion in Yashenko v. Harrah's NC Casino Co., LLC, 446 F.3d 541 (4th Cir. 2006). In Yashenko, the plaintiff, a terminated casino employee, sued a casino management company (the same one that is Defendant in this case) for violating the Family and Medical Leave Act ("FMLA"), race discrimination under § 1981, and wrongful discharge in violation of North Carolina public policy. Id. at 545. The casino management company had contracted with the EBCI to operate the tribal gaming enterprise.

The district court granted summary judgment for the defendant on the FMLA and § 1981 claims and dismissed the wrongful discharge claim without prejudice. Id. On appeal, the Fourth Circuit Court of Appeals noted that the EBCI entered into a Management Agreement with the defendant concerning EBCI's gaming enterprise. Id. at 544. Pursuant to the Agreement, the defendant worked as the manager for EBCI's delegate, TCGE. Id. All employees hired by the defendant to staff the casino were considered employees of TCGE, even though the defendant maintained supervisory authority over them. Id. After conducting a Rule 19 analysis, the Fourth

4

Circuit determined that the EBCI was a necessary party under Rule 19(a) and an indispensable party under Rule 19(b). The Fourth Circuit concluded that because EBCI's sovereign status prevented its joinder, the district court must be affirmed. Id. at 553.

Here, just as in Yashenko, Defendants have provided evidence of a Management Agreement between Defendants and EBCI's delegate, TCGE. This evidence clarifies that: (1) EBCI has delegated its obligations and rights under the management agreement to TCGE; (2) Peterson was employed as a table games dealer by TCGE at Harrah's; and (3) all TCGE employees, including Peterson, are employees of a tribal enterprise. (Doc. No. 16-1 ¶¶ 5, 7, 8). This evidence, even when viewed in the light most favorable to Plaintiff, established that TCGE was Plaintiff's employer.

Under Rule 19's first step, this Court must determine whether TCGE is a necessary party in the instant action. Pursuant to Rule 19(a), a party is to be joined if feasible when (1) the court cannot accord complete relief among the existing parties; (2) the party's absence may, as a practical matter, impair or impede that party's ability to protect its interest; or (3) the party's absence may subject the existing parties to a substantial risk of incurring multiple or otherwise inconsistent obligations. FED. R. CIV. P. 19(a).

Plaintiff's claims are workplace claims, and TCGE was Plaintiff's true employer. Therefore, TCGE has an interest in this case. Accord Humble v. Harrah's NC Casino Co., LLC, No. 1:17CV262, 2018 WL 4576784, at *9 (W.D.N.C. June 1, 2018) ("Because Plaintiffs' claims are workplace claims, TCGE, their 'real' employer, must be joined for complete relief."), report and recommendation adopted, No. 1:17-CV-00262-MR-DLH, 2018 WL 4664137 (W.D.N.C. Sept. 28, 2018). Also, TCGE cannot protect its interest without participating in the case. First, TCGE, as Plaintiff's true employer, has an interest in defending against Plaintiff's employment

claims. Second, TCGE has an interest in protecting its asset which Defendants manage, i.e., the casino where Plaintiff worked and acrimoniously departed. Any judgment on Plaintiff's claims would impair TCGE's contractual interests with Defendants and, thus "its fundamental economic relationship with the private party…." Yashenko, 446 F.3d at 553. Lastly, excluding TCGE from this litigation would put TCGE in jeopardy of incurring multiple, and possibly inconsistent, obligations. Accordingly, this Courts finds that TCGE is a necessary party under Rule 19(a). See Humble, No. 1:17-CV-00262-MR-DLH, 2018 WL 4664137; see also Clark, No. 1:17-CV-00240-MR-DLH, 2018 WL 4664136.

TCGE is a necessary party, but because of its status as a sovereign nation, TCGE cannot "feasibly be joined as a party" to the action. See Dawavendewa v. Salt River Project Agr. Imp. & Power Dist., 276 F.3d 1150, 1159 (9th Cir. 2002). Thus, this Court must determine whether it is also indispensable to Plaintiff's causes of action.

Applying the Rule 19(b) factors, this Court concludes that TCGE is indispensable for reasons similar to those making them a necessary party. Any judgment on Plaintiff's claims would prejudice TCGE's interests as an employer and prejudice TCGE's economic interests in the Management Agreement with Defendants. Defendants would be prejudiced by TCGE's absence as well because a judgment rendered in the absence of TCGE would interfere with Defendants' ability to resolve its contractual obligations with TCGE. Lastly, any judgment rendered without TCGE would only bind Plaintiff and Defendants, and TCGE would be able to continue enforcing the policies to which Plaintiff takes issue. Unfortunately, relief cannot be shaped in a way that surmounts the prejudice to TCGE and Defendants or the limited breadth of a judgment without TCGE. Accordingly, TCGE is indispensable to this claim. See Yashenko, 446 F.3d at 553. See also Fluent v. Salamanca Indian Lease Auth., 928 F.2d 542, 547–48 (2d

Cir. 1991) (finding the Navajo Nation to be a necessary and indispensable party based on its lease agreement with the other named defendants and therefore dismissing the case).

Because TCGE is both a necessary and indispensable party to Plaintiff's case, and because TCGE's sovereign status prohibits its joinder, this Court must dismiss Plaintiff's claims.

## **ORDER**

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss, (Doc. No. 15), is **GRANTED** and this case is dismissed without prejudice.

Signed: November 20, 2023

Max O. Cogburn Jr.
United States District Judge